The plaintiff is a corporation created by an act of the legislature, passed April 12th, 1842; and the defendant is a tax collector in the city of New-York, with a warrant for the collection of a tax of $10,660.20, assessed upon the personal property of the plaintiff. We are to determine upon this appeal whether the property of the plaintiff is liable to taxation.
Section one of the act creates certain individuals therein named, and all other persons who may thereafter associate with them in the manner thereinafter prescribed, a body politic and corporate, by the name of the Mutual Life Insurance Company in New-York. Section two gives it the powers and privileges of a corporation, as the same are declared by title three of the eighteenth chapter, first part of the Revised Statutes, with power to insure the lives of the members of the corporation, and to make all and every insurance appertaining to life risks, and to grant and purchase annuities. Section three declares that persons who insure with the corporation, and also their heirs, executors, administrators and assigns, continuing to be insured in the corporation, are members thereof during the period they *Page 438 
shall remain insured by the corporation, and no longer "Before becoming a member, and before receiving the policy the insured shall first pay the rates fixed by the trustees, and no premium so paid shall be withdrawn except as provided in the act, but shall be liable to the losses and expenses incurred by the company." (§ 7.) These premiums are to be invested in bonds and mortgages, or in public stocks. (§§ 9, 10, 11.) "And no policy shall be issued until applications shall be made, in the aggregate, for $500,000 at least." (§ 17.) "At the end of every five years, a balance of the affairs of the company shall be struck, and each member shall be charged with a proportionate share of the losses and expenses of the company, and be credited with the premiums paid by him, and an equal share of the profits of the company; and upon the death of the member the amount of the balance standing to his credit, together with his proportion of the profits which shall be found to belong to him at the next subsequent ascertaining of the balance, shall be paid to his legal representatives." (§ 13.)
Every corporation authorized by law to make insurance is a moneyed corporation (1 R.S., 599, § 51), and moneyed or stock corporations, deriving an income or profit from their capital or otherwise, are liable to taxation. (id., 415, § 1.) The theory of this association is not that of mutual insurance upon the personal liability of the members, because the act contains no personal liability clause, and the losses are not assessed ratably and personally upon the members. The losses are chargeable upon and payable out of the fund provided by the seventh section of the act, which cannot very well be less than $500,000, and which, according to the evidence contained in the bill of exceptions, exceeds $1,000,000. The word capital is not used in the tax laws as a technical term, depending upon certain fixed conditions without which it cannot exist. It may be paid in as capital in the strict sense of the term, and as an indispensable preliminary to the complete organization of a *Page 439 
corporation; this is done when its dealings and business transactions are with strangers, and not with those who, ipsofacto, become its members or corporators. Or it may proceed from and be created by premiums or earnings, paid by its own members. Both the opinions delivered in the case of The Mutual InsuranceCompany of Buffalo v. Supervisors of Erie (4 Comst., 442) concur in the conclusion that capital means the fund upon which the incorporation transacts its business, which would be liable to its creditors, and in case of insolvency, pass to a receiver. In this sense, the court held that premiums for insurance paid or contracted to be paid, in contemplation of future risks, constituted capital subject to taxation. It is the policy of the tax laws to distribute and equalize the public burdens, and to reach and subject to their operation, with a few specified exceptions, all the real and personal property within the state; and it is hard to believe that the legislature intended to relieve the property of this class of persons from contributing to the public necessities, merely because it was collected from time to time in the form of premiums rather than in the fixed and permanent form of capital stock, in the strict sense of the term.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.